## CIRCUIT COURT OF CARROLL COUNTY

Daryl Flowers
and Christopher Flowers

v.

Tom Richardson
and Ellen E. Richardson,
d/b/a Richardson
General Contractors

March 24, 2014

Case No. CL 13-231

BY JUDGE BRETT L. GEISLER

The matter before the Court is the Demurrer filed on behalf of Tom Richardson and Ellen E. Richardson, d/b/a Richardson General Contractors, moving to strike one of the plaintiffs, Christopher Flowers, as a plaintiff to this breach of contract claim. The Defendants allege that Christopher Flowers has no standing in this matter because he not in privity of contract with the Richardsons, did not obligate himself on the contract and is not an intended third-party beneficiary. Plaintiffs claim that Christopher Flowers is in fact an intended third-party beneficiary having helped design the house in question, provide the initial funds for construction and is now present record owner of the property. I have reviewed the pleadings, the authorities cited, and counsels' arguments.

The evidence proffered to this Court at a previous hearing established that Daryl Flowers contracted with Tom and Ellen Richardson to build a home, which would eventually be occupied by his son Christopher Flowers. This house was to be designed and resemble the home owned and occupied by Christopher Flowers when he was living in Tennessee. Daryl Flowers executed the construction contract with the Defendants, and Christopher Flowers paid the initial deposit to get the project started.

Nowhere in the contract is there any mention that the house was being constructed for Christopher Flowers or that Christopher Flowers was an intended third-party beneficiary. The cause of action before the Court is a simple breach of contract claim. There is no allegation that the contract is ambiguous or that the intent of the contracting parties cannot be discovered

within the "four corners" of the contract. In determining if a third party is an intended beneficiary under a particular contract, this Court must determine if the contracting parties clearly and definitely intended that such contract directly benefit the third party. More importantly, this intent must be determined from the "four corners" of the contract to in fact determine if Daryl Flowers and the Richardsons intended Christopher Flowers to be an intended beneficiary under the construction contract.

After reviewing the contract in question, I find that Christopher Flowers is not mentioned and there is absolutely no language in the contract which would lead one to believe that anyone was to be an intended third-party beneficiary of the contract. Consequently, I find that Christopher Flowers is not the third-party beneficiary under the construction contract and does not have standing in this cause of action. Consequently, the Demurrer is sustained.